UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

RICHARD STARLING
    Plaintiff,

v.

MEDICAL STAFF AT MAURY
COUNTY JAIL, et al.
    Defendants.

No. 1:13-0152
Judge Haynes

# MEMORANDUM

Plaintiff, Richard Starling, an inmate at the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Maury County Jail medical staff and Enoch George, Sheriff of Maury County. Plaintiff seeks damages for the alleged denial of medical care.

According to his complaint, prior to arriving at his present place of confinement, Plaintiff was an inmate at the Maury County Jail. At the Maury Court Jail, Plaintiff met with a mental health provider who prescribed for him medication for anxiety and a mood stabilizer. Plaintiff alleges that for a one week period, he did not receive these medications.

To state a claim for relief under § 1983, the Plaintiff must plead plausible facts that the Defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981). The Eighth Amendment guarantees a prisoner the right to adequate medical care and prison officials cannot be deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

Here, Plaintiff acknowledges that he was examined by a mental health care professional who

prescribed for him some medication. Despite missing this medication for a week, the Plaintiff admits that "I started receiving both on 10/20/13 and have continued to do so since." As a consequence, the defendants have not been deliberately indifferent to the Plaintiff's serious medical needs. This dispute, therefore, arises over the adequacy of the care provided the Plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v. Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, 429 U.S. at 105-106. Thus, the Court concludes that Plaintiff has failed to describe conduct that violates federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, this action must be dismissed for Plaintiff's failure to state a claim upon which federal relief can be granted.

An appropriate Order is filed herewith.

ENTERED this the 3rd day of October, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge